08-2404-cv
Wright v. Waterside Plaza LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of December, two thousand and nine.

PRESENT:

WILFRED FEINBERG,
JOHN M. WALKER, JR.,
ROBERT A. KATZMANN,
              *Circuit Judges*.

_____

Raymond Wright,

           *Plaintiff-Appellant*,

      v.                                  No. 08-2404-cv

Waterside Plaza, L.L.C. ("WPLLC"), Waterside Tenants Association ("WTA"), David Rosenberg,

           *Defendants-Appellees.*

_____

For Appellant:                        RAYMOND WRIGHT, *pro se*, New York, N.Y.

For Appellees:                       MAGDA L. CRUZ, Belkin, Burden, Wenig & Goldman, New York, N.Y.

MARGRET M. MCBURNEY, Marin Goodman, LLP, New York, N.Y,

DAVID ROSENBERG, Marcus Rosenberg & Diamond LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Chin, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Raymond Wright, *pro se*, appeals the district court's *sua sponte* dismissal of his complaint for failure to state a cause of action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's *sua sponte* dismissal of a complaint *de novo*, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the district court properly dismissed Wright's complaint for failure to state a claim.

Wright's complaint alleged claims under: (1) various federal criminal laws under Title 18

of the United States Code; (2) provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.*, including civil RICO provisions; and (3) the First Amendment. First, Wright's claims against Rosenberg were properly dismissed because, as the district court concluded, Rosenberg's alleged activities in connection with WTA and WPLLC amount to no more than providing counsel to his clients and being copied on various emails written by WTA members. Second, Wright's claims under Title 18, except the civil RICO claims, failed as a matter of law because no private remedy exists for the criminal violations Wright alleged. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (noting that the Supreme Court "has rarely implied a private right of action under a criminal statute"). Third, Wright's First Amendment claim failed to state a cause of action because he had failed to allege any factual evidence indicating a nexus between the conduct of Defendants—all of whom are private actors—and state action. *See Cooper v. U.S. Postal Serv.*, 577 F.3d 479, 491 (2d Cir. 2009) (holding that a constitutional claim against non-government entities only lies where "there is a sufficiently close nexus between the State and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself") (internal quotation marks omitted). Moreover, the mere provision of federal subsidies to the Defendants does not transform their otherwise private conduct into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (cited in *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 152 (2d Cir. 2004)). Finally, the district court correctly dismissed Wright's civil RICO claims because he had failed to plead sufficient factual allegations to demonstrate that the Defendants' RICO violations caused an injury to his business or property. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 283 (2d Cir. 2006) ("In order to bring suit under § 1964(c), a plaintiff must plead (1) the defendant's violation

3

of [18 U.S.C.] § 1962, (2) an injury to the plaintiff's business or property, and (3) causation of the injury by the defendant's violation.") (citations and quotations omitted; brackets in original).

We have considered all of Wright's remaining claims of error and determined them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4